**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **STATE OF MARYLAND,** * | |
| Plaintiff, * | |
| v. * | **Criminal Action No.: GJH-18-333** |
| **ERICK JAVIER SANTOS BEY** * | |
| Defendants. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pro-se Defendant Erick Javier Santos Bey[1] was charged with fourteen misdemeanor counts under Maryland state law and attempted to remove his case to this Court. ECF No. 1. Pending before the Court is Defendant's Motion to Proceed *in Forma Pauperis*, ECF No. 2; Defendant's Complaint and Request for Injunction, ECF No. 4; and Defendant's Motion to Dismiss without Prejudice, ECF No. 6. No hearing is necessary. *See* 28 U.S.C. § 1455(b)(4); Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion to Proceed *in Forma Pauperis*, ECF No. 2, is granted; Defendant's Complaint and Request for Injunction, ECF No. 4, is dismissed for frivolity; Defendant's Motion to Dismiss without Prejudice, ECF No. 6, is denied as moot; and this case is remanded to the Maryland Circuit Court for Anne Arundel County.

**I.   BACKGROUND**

In 2018, Defendant Santos Bey was charged with fourteen misdemeanor counts under Maryland state law: two counts of failure of individual driving on highway to display license to

---

[1] In his filings, Mr. Santos Bey refers to himself as: "Erick Javier Santos Bey, In Propia Persona, Sui Juris (not to be confused with Pro se) Aboriginal Indigenous Moorish American National." *See* ECF No. 1.

1

uniformed police on demand in violation of Md. Code Ann., Transp. § 16-112(c); driving an uninsured vehicle in violation of Md. Code Ann., Transp. § 17-107; driving vehicle on highway with unpaid registration fee in violation of Md. Code Ann., Transp. § 13-401(d); failure to attach vehicle registration plates at front and rear in violation of Md. Code Ann., Transp. § 13-411(a); two counts of failure to display registration card upon demand by police officer in violation of Md. Code Ann., Transp. § 13-409(b); two counts of driving vehicle on highway without current registration plates and validation tabs in violation of Md. Code Ann., Transp. § 13-411(d); two counts of operating unregistered motor vehicle on highway in violation of Md. Code Ann., Transp. § 13-401(b1); person driving motor vehicle on highway or public use property on suspended out-of-state license in violation of Md. Code Ann., Transp. § 16-303(f); owner failure to maintain required security for vehicle during registration period in violation of Md. Code Ann., Transp. § 17-104; and failure of motor vehicle operator to present evidence of required security on request of a law enforcement officer in violation of Md. Code Ann., Transp. § 17-104.2(b2). *See* ECF No. 1-5.

      Defendant filed a "Notice of Removal", ECF No. 1, and a Motion to Proceed *in forma Pauperis*, ECF No. 2, on June 13, 2018, attempting to remove his criminal prosecution for the above charges from Maryland state court to this Court. On October 29, 2018, Defendant filed a Supplemental Notice of Removal. ECF No. 3.[2] Also, on October 29, 2018, Mr. Santos Bey filed a Complaint and Request for Injunction, ECF No. 4, seemingly attempting to initiate a civil case against the officers who charged him, the state attorney prosecuting him, and "Judge Kessling".[3]

---

[2] The narrative, arguments, and citations in this supplemental notice do not appear to substantively differ from the original Notice of Removal, ECF No. 1. *See* ECF No. 3.
[3] The Court assumes that Mr. Santos Bey intended to refer to Judge Laura S. Kiessling Ripken of the Anne Arundel County Circuit Court in Maryland.

Finally, on November 2, 2018, Mr. Santos Bey attempted to file a Writ of Mandamus. ECF No. 5-1.

On November 8, 2018, however, the Maryland State's Attorney dismissed the charges against Mr. Santos Bey. ECF No. 6 at 1;[4] *see* ECF No. 6-1 (informing Defendant of the State's Attorney's decision to terminate the prosecution of, and consequently dismiss, seven of the charges). Consequently, Mr. Santos Bey filed an "Affidavit of Facts/Motion to Dismiss" on November 27, 2018. ECF No. 6.

## II. DISCUSSION

While the intended purpose behind each of Mr. Santos Bey's filings is not all together clear to the Court, the Court will attempt to interpret and address each of his pertinent filings below.

### A. Motion to Proceed *in Forma Pauperis*, ECF No. 2

Defendant filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which is construed as a Motion to Proceed *in Forma Pauperis*. ECF No. 2. In his application, Defendant Santos Bey certified that he was a Plaintiff or petitioner in the instant case, which appears to be incorrect. *Id.* at 1. Nonetheless, the Court considers the Motion to Proceed *in Forma Pauperis* on its merits. Since Mr. Santos Bey reports $0 of income and is homeless, *Id.* at 1–2, 5—to the extent the he is responsible for any court fees or costs—the Court grants his Motion to Proceed *in Forma Pauperis*.

### B. Notice of Removal and Supplemental Notice of Removal, ECF Nos. 1 & 3

Pursuant to 28 U.S.C. § 1455(a):

A defendant or defendants desiring to remove any criminal prosecution from a
State court shall file in the district court of the United States . . . a notice of

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

> removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1455(a). When a pending state criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal, and,] . . . [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). "Removal may be permitted in certain civil rights cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, *see* 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, *see* 28 U.S.C. § 1442a." *Maryland v. Wiggins*, Crim. No. RDB-16-449, 2016 WL 4993288, at *1 (D. Md. Sept. 19, 2016) (quoting Mem Op. and Order, Crim. No. PWG-13-0413 (D. Md. Aug. 14, 2013) (Grimm, J.)). Mr. Santos Bey has not coherently alleged that any of these grounds for removal exist. *See generally* ECF Nos. 1 & 3.

While Defendant cites to an extensive list of authorities in his Notice of Removal, ECF No. 1, and Supplemental to Notice of Removal, ECF No. 3, those filings are difficult to interpret and largely consist of disjointed quotations. *See generally* ECF Nos. 1 & 3. None of the cited authorities support a proper claim for removal pursuant to 28 U.S.C. § 1455(a).[5] In fact, Mr.

---

[5] The arguments Defendant Santos Bey does make have been repeatedly rejected by federal courts. For example, Defendant Santos Bey claims that he is an "Aboriginal Indigenous Moorish-American; possessing Fee-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac Constitution, with all due respect and honors given to the Constitution for the United States Republic, North America." ECF No. 1 at 2. Therefore, he contends that he has "no contract with MARYLAND SUPERIOR COURT, or with the State of Maryland; or with any other segment of the United States of America that can grant jurisdiction over human rights; or over political, economic, social and cultural rights of Indigenous Peoples[,]" ECF No. 1 at 10; ECF No. 3 at 7, and thus Maryland lacks jurisdiction to prosecute him. However, "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions[.]" *United States v. White*, 480 Fed. Appx 193, 194 (4th Cir. 2012) (per curiam). Contrary to Defendant's assertions, his "'purported status as a Moorish-American citizen does not enable him to violate . . . state laws without consequence.'" *El v. Mayor of the City of N.Y.*, No. 13-CV-4079, 2014 WL 4954476, at *5 (E.D.N.Y. Sept. 30, 2014). Instead, courts have consistently recognized "that . . . Moorish American Nation . . . [is a] notorious organization[] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *Maryland v. Ghazi-El*, Crim. No. RDB-16-0207, 2016 WL 2736183, at *2 (D. Md. May 11, 2016) (internal quotation marks omitted) (*Metaphyzic El-Ectromagnetic Supreme-El v. Dir.*,

Santos Bey does not mention the requirements for removal of a criminal action under 28 U.S.C. § 1455(a) at all. *Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) (remanding state criminal action where the Defendant "ha[d] failed to comply with the pleading requirements or to show that he ha[d] been denied or cannot enforce a specified federal right in the state court respecting this prosecution."); *see also Maryland v. White*, No. JFM-09-3318, 2010 WL 325946, at 81 (D. Md. Jan. 20, 2010) ("Removal is not proper where there is no evidence that the criminal defendant will be unable to avail himself of the normal protections afforded to all criminal defendants."). Thus, the Court remands this action to the Maryland Circuit Court for Anne Arundel County.[6]

### C. Writ of Mandamus, ECF No. 5-1

Defendant Santos Bey attempted to file a Writ of Mandamus, ECF No. 5-1, in this case. His filing was deficient, however, in that it did not contain an original signature and thus the document was returned to him. ECF No. 5. Defendant has not re-filed a corrected document. Consequently, the Court does not consider the merits of Defendant's Writ of Mandamus.

---

*of Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *3 (E.D. Va. Mar. 3, 2015)). Thus, the argument "'that state courts lack jurisdiction to prosecute Moorish-Americans . . . has been repeatedly rejected.'" *Metaphyzic El-Ectromagnetic Supreme-El*, 2015 WL 1138246 at *4; *see Bond v. N.C. Dep't of Corr.*, No. 3:14-cv-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship").

[6] To the extent that Mr. Santos Bey raises issues of federal or constitutional law, *see, e.g.*, ECF No. 1 at 4, 7 ("The STATE OF MARYLAND SUPERIOR COURT is an unconstitutional, private corporation, not delegated by Congress, under Article III, Section 2 of the Constitution; and that the Officers does not, and did not provide 'Due Process' protected and secured for the People, by the Amendments IV, V, VI, VII, VIII, IX, and X of the United States Constitution, to which the Judges and Officers in every state is bound (by Official Oath) to support and to uphold. Any statutory regulation, ordinance, or laws of any State, to the contrary, notwithstanding"; "The unconstitutional charges being applied to this Petitioner are not in pursuance of the Constitution for the United States of America, wherein it does guarantee, and this Petitioner does declare the equal protection of the right to 'life liberty and the pursuit of happiness' in the 1st Amendment, which includes the right to travel"), this is not a valid basis for removal of a state criminal prosecution arising out of state criminal laws. Mem. Op. and Order, Crim. No. PWG-13-0413 (D. Md. Aug. 14, 2013).

### D. Complaint and Request for Injunction, ECF No. 4

Switching roles from Defendant to Plaintiff, Mr. Santos Bey filed a Complaint and Request for Injunction, ECF No. 4, alleging that the officers that issued the traffic citations relevant to this case, the attorney that prosecuted Defendant based on those citations, and the judge who oversaw the state court case before its dismissal violated Mr. Santos Bey's right to travel. *See* ECF No. 4 at 2–3, 5. To the extent Mr. Santos Bey intended to file a civil rights action through filing the Complaint and Request for Injunction, the Court dismisses that action.

Mr. Santos Bey is proceeding *in forma pauperis*, *see supra* § II.A, and thus, under 28 U.S.C. § 1915(e)(2), this Court must dismiss the case if it determines that the action is frivolous. A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Such is the case here.

The right to travel, which Mr. Santos-Bey alleges was violated when he was cited and prosecuted for violating Maryland traffic laws (including license and registration violations), "generally addresses the freedom to travel freely from one state to another." *Moorish Holy Temple of Science of the World v. Terry*, No. 5:12-cv-00134, 2012 WL 2576782, at *2 (E.D.N.C. May 11, 2012). The Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). "The right to travel is not the right to flout a State's license and registration laws." *Moorish Holey Temple of Science of the World*, 2012 WL 2576782, at *2 (citing *Bey v. Ohio*, No. 1:11-cv-1213, 2011 WL 5024188, at *4 (N.D. Ohio Oct. 19, 2011) (concluding that the right to travel "does not mean citizens are exempt from

complying with traffic laws")). Thus, because it has no arguable basis in law, the Court finds that Mr. Santos Bey's right to travel claim is frivolous. *Neitzke*, 490 U.S. at 325.

Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). Defendant has not done so here.

### E.     Motion to Dismiss, ECF No. 6

Mr. Santos Bey filed a Motion to Dismiss after receiving notice that the State's Attorney had terminated prosecution and dismissed the charges against him. ECF No 6; ECF No. 6-1. However, because the Court has remanded the criminal action back to the Circuit Court of Anne Arundel County and dismissed his attempt at a federal civil action for frivolity, the Court denies Mr. Santos Bey's Motion to Dismiss as moot.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Proceed *in Forma Pauperis*, ECF No. 2, is granted; Defendant's Complaint and Request for Injunction, ECF No. 4, is dismissed for frivolity; Defendant's Motion to Dismiss without Prejudice, is denied as moot, ECF No. 6; and this case is remanded to the Maryland Circuit Court for Anne Arundel County. A separate Order shall issue.

Date: <u>January   29, 2021</u>                                     /s/_____
                                                                   GEORGE J. HAZEL
                                                                   United States District Judge